IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY GARRETT BROWN,         )<br>   Petitioner,         )<br>             )<br>  v.         )<br>             )<br>R.M. LAWLER, Superintendent, et al., )<br>   Respondents.         ) | Civil Action No. 08-312 Erie<br><br>District Judge McLaughlin<br>Magistrate Judge Baxter |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.   RECOMMENDATION**

It is respectfully recommended that the Petition for Writ of *Habeas Corpus* be denied and that a certificate of appealability be denied.

**II.   REPORT**

Petitioner Gregory Garrett Brown, is a state prisoner incarcerated at the State Correctional Institution at Huntingdon, Pennsylvania.  He is serving a term of imprisonment of three to eight years, imposed by the Court of Common Pleas of Erie County on April 5, 2006.  Currently pending before this Court is his Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254. [Document # 7].  Respondents have submitted the relevant portions of the state court record in hard-copy format and the documents contained therein are indexed and numbered 1 through 31.  The state court record will be cited to as "SCR No. __".  Respondents have also submitted transcripts in hard-copy format.

  **A.**  **Relevant Procedural History**

On January 28, 2005, Petitioner wrote and mailed a threatening letter to the Honorable Fred P. Anthony of the Court of Common Pleas of Erie County, Pennsylvania.  In the letter, Petitioner stated his intention to kill Judge Anthony after obtaining his release from prison. Petitioner was charged with one count of retaliation against prosecutor or judicial officer (18

1

Pa.C.S. § 4953.1), and one count of terroristic threats (18 Pa.C.S. § 2706). (SCR No. 1).  After the court determined that he was competent to stand trial, Petitioner was found guilty of both charges by a jury of his peers on February 14, 2006. (SCR Nos. 10).  Petitioner was subsequently sentenced to serve three to eight years of imprisonment by the Honorable William L. Henry, which was to run consecutive to the sentence he was already serving. (SCR No. 15).  No direct appeal was filed by Petitioner.

On July 31, 2006, Petitioner filed a post-conviction petition for collateral relief pursuant to Pennsylvania's Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-46 ("PCRA petition"), in which he alleged that "the court had no jurisdiction to hold a trial by jury," and that he was wrongfully charged and convicted. (SCR No. 17).  Petitioner argued further that, because he was in prison at the time he wrote the threatening letter to Judge Anthony, he was unable to carry out the threat. (Id.).  On August 10, 2006, the trial court appointed Tina Fryling, Esquire, to act as Petitioner's PCRA counsel; however, on March 20, 2007, Attorney Fryling issued a "no merit" letter to Judge Henry and filed a motion to withdraw as Petitioner's PCRA counsel. (SCR No. 21).  Petitioner subsequently filed an Amended PCRA petition, arguing that "the case was nothing more than disorderly conduct," and, thus, "the court never had the requisite jurisdiction to hold trial" and violated his due process rights. (SCR No. 23).  The Amended PCRA petition was denied by Judge Henry on May 29, 2007. (Id.).

Petitioner appealed the denial of his Amended PCRA petition to the Pennsylvania Superior Court on June 18, 2007.  In his statement of matters complained of on appeal, Petitioner argued that:  (i) the criminal information was insufficient; (ii) he was unlawfully charged and convicted; and (iii) the trial court's ruling showed racial discrimination. (SCR No. 25).  On April 9, 2009, the Superior Court dismissed Petitioner's PCRA appeal because he failed to file a brief. (SCR No. 30).  In the meantime, Petitioner had already filed the instant habeas action on November 12, 2008.

In his habeas petition before this Court, Petitioner seeks release from custody and/or vacation of his sentence, alleging that:  (i) he suffers from a multitude of mental illnesses, which cause him to threaten people when he is angry; (ii) threats that result from anger cannot be

penalized; (iii) the trial court violated his natural rights as set forth in the old and new testaments of the Bible; (iv) he is entitled to forgiveness of his crimes because he has confessed his guilt to God.  Respondent's have filed a response to the petition, contending, *inter alia*, that the petition should be dismissed because Petitioner has failed to exhaust his state court remedies.

### B.     Discussion

The doctrine of "exhaustion" requires a state prisoner to first present his federal constitutional claims to the state courts before raising those claims in federal habeas court.  28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 843 (1999).  This requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights.'"  Cristin, 281 F.3d at 410 (quoting Coleman v. Thompson, 501 U.S. 722, 731 (1991)).  In order to properly exhaust a claim, a petitioner must fairly present it to each level of the state courts.  Lines v. Larkins, 208 F.3d 153, 159 (3d Cir. 2000) (emphasis added) (citing 28 U.S.C. § 2254(b); O'Sullivan, 526 U.S. at 848; Doctor v. Walters, 96 F.3d 675, 678 (3d Cir. 1996)).  In Pennsylvania, this requirement typically means that a petitioner in a non-capital case must present every claim raised in his federal petition to both the Common Pleas Court and the Superior Court either on direct appeal or during PCRA proceedings.  See Lambert v. Blackwell, 387 F.3d 210, 233-34 (3d Cir. 2004).

Here, Petitioner has not presented any of his habeas claims to the state courts, either on direct appeal or in his original and amended PCRA petitions.  Generally, a district court should require that a state prisoner return to state court for review of unexhausted claims.  See, e.g., Crews v. Horn, 360 F.3d 146 (3d Cir. 2004).  However, a federal court may excuse a petitioner's failure to exhaust in cases where the court can confidently predict that the state courts would not entertain review of the claims because such review would be barred by a state procedural rule.  Slutzker v. Johnson, 393 F.3d 373, 380-81 (3d Cir. 2004); Whitney v. Horn, 280 F.3d 240, 249-53 (3d Cir. 2002); Lines, 208 F.3d at 162-66.  That is the case here, because the PCRA statute of limitations and waiver rules would foreclose review of these claims now in state court.  42

Pa.C.S. § 9544(b), § 9545(b).  Id. at 380-81; Whitney, 280 F.3d at 251; Lines, 208 F.3d at 165.  However, excusing Petitioner from complying with the exhaustion requirement based on a finding of "futility" does him no good, because the Third Circuit Court has made clear that when exhaustion is excused in such a circumstance, the claims at issue are procedurally defaulted.  Id. at 380-81 (citing Doctor, 96 F.3d at 683); Whitney, 280 F.3d at 252; Lines, 208 F.3d at 160; see also Coleman, 501 U.S. at 729-30.  The procedural default doctrine applies to bar federal habeas relief when a state court has declined *or would decline* to address a petitioner's federal constitutional claims because he failed to meet a state procedural requirement.  Id. at 381.

A petitioner whose constitutional claim has not been addressed on the merits due to the failure to comply with a state procedural rule can overcome the default, thereby allowing federal court review, only if he can demonstrate "cause" for the default, *i.e.,* that some objective factor "external to the defense" impeded efforts to comply with the state's procedural rule, and "actual prejudice."[1]  Coleman, 501 U.S. at 750; see also Murray v. Carrier, 477 U.S. 478, 488, 494 (1986).  In this case, Petitioner has failed to set forth any cause for his procedural default, other than his specious claim that his alleged "inalienable rights" constituted "newly discovered evidence" that he "did not have at the time of trial." (Document # 36, Reply to Respondent's Response, at p. 2).  This is insufficient to overcome Petitioner's default.  Because Petitioner's habeas claims are procedurally defaulted and the "cause and prejudice" exception is inapplicable to excuse his default, Petitioner is not entitled to habeas relief.

---

[1] Under the "fundamental miscarriage of justice" doctrine, a procedural default may be excused if the petitioner presents evidence of "actual innocence" that is "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error[.]"  Schlup v. Delo, 513 U.S. 298, 316 (1995); House v. Bell, 547 U.S. 518 (2006); Hubbard v. Pinchak, 378 F.3d 333, 339-41 (3d Cir. 2004). Coleman, 501 U.S. at 750-51.  Petitioner does not argue that he has satisfied this exception, and it only applies to a petitioner who demonstrates that a constitutional violation has probably resulted in the conviction of one who is actually innocent.  Id.; Hubbard, 378 F.3d at 339-40.  Actual innocence means factual innocence, not legal insufficiency, and the miscarriage of justice exception applies only in extraordinary cases.  It is not applicable to this case.

  **C.** **Certificate of Appealability**

  Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253 (as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition.  Amended Section 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."  In Slack v. McDaniel, 529 U.S. 473, 474 (2000), the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Applying this standard here, jurists of reason would not find it debatable whether Petitioner's habeas claims are procedurally defaulted  Accordingly, a certificate of appealability should be denied.

## III. CONCLUSION

  For the foregoing reasons, it is respectfully recommended that the petition for writ of habeas corpus be denied and that a certificate of appealability be denied.

  In accordance with 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4(B), the parties are allowed 10 days from the date of service to file written objections to this Report and Recommendation.  Any party opposing the objections shall have 7 days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of some appellate rights.  See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

        /s/ Susan Paradise Baxter
        SUSAN PARADISE BAXTER
        U.S. Magistrate Judge

Dated: August 19, 2009